# Pennsylvania Rules of Civil Procedure

**Rule 101.  [Principles of Interpretation.] <u>Rescinded.</u>**

[In the construction of any rule, the principles set forth in Rules 102 to 108 shall be observed, unless the application of such principles would result in a construction inconsistent with the manifest intent of the Supreme Court.]

**Rule 102.  [Number.  Tense.] <u>Rescinded.</u>**

[The singular shall include the plural, and the plural, the singular.  Words used in the past or present tense shall include the future.]

**Rule 103.  [Words and Phrases.] <u>Rescinded.</u>**

[(a)  Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or as are expressly defined by rule shall be construed according to such peculiar and appropriate or express meaning or definition.

(b)  General words shall be construed to take their meanings and be restricted by preceding particular words.]

**Rule 104.  [Numerals.] <u>Rescinded.</u>**

[The Roman numerals and Arabic numerals shall be deemed parts of the English language.]

\*      \*      \*

**Rule 106.  [Computation of Time.] <u>Rescinded.</u>**

[(a)  When any period of time is referred to in any rule, such period in all cases, except as otherwise provided in Rules 107 and 108, shall be so computed as to exclude the first and include the last day of such period.

(b) Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.]

**Rule 107. [Time. Publication for Successive Weeks.] <u>Rescinded.</u>**

[Whenever in any rule providing for the publishing of notices, the phrase "successive weeks" is used, weeks shall be construed as calendar weeks. The publication upon any day of such weeks shall be sufficient publication for that week, but at least five days shall elapse between each publication. At least the number of weeks specified in "successive weeks" shall elapse between the first publication and the day for the happening of the event for which publication shall be made.]

**Rule 108. [Time. Computation of Months.] <u>Rescinded.</u>**

[Whenever in any rule the lapse of a number of months after or before a certain day is required, such number of months shall be computed by counting the months from such day, excluding the calendar month in which such day occurs, and shall include the day of the month in the last month so counted having the same numerical order as the day of the month from which the computation is made, unless there are not so many days in the last month so counted, in which case the period computed shall expire with the last day of such month.]

**Rule 126. [Liberal Construction and Application of Rules.] <u>Application and Construction of Rules.</u>**

**(a)** **Application.** The rules shall be liberally **[construed] <u>applied</u>** to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the **[substantial] <u>substantive</u>** rights of the parties.

**(b)** **<u>Construction. In the construction of the Pennsylvania Rules of Civil Procedure, the principles set forth in Pa.R.J.A. 104 to 115 shall be observed.</u>**

**<u>Comment: Former Pa.R.Civ.P. 101-104, 106-108, and 127-153 were rescinded and replaced as follows:</u>**

| Subject | Former Rule | Current Rule |
|---|---|---|
| **Principles** | **Pa.R.Civ.P. 101** | **Pa.R.J.A. 104** |
| **Number/Tense** | **Pa.R.Civ.P. 102** | **Pa.R.J.A. 105** |
| **Words/Phrases** | **Pa.R.Civ.P. 103** | **Pa.R.J.A. 106** |
| **Numerals** | **Pa.R.Civ.P. 104** | **--** |
| **Computation of Time** | **Pa.R.Civ.P. 106** | **Pa.R.J.A. 107(a)-(b)** |
| **Time - Weeks** | **Pa.R.Civ.P. 107** | **Pa.R.J.A. 107(c)** |
| **Time - Months** | **Pa.R.Civ.P. 108** | **Pa.R.J.A. 107(d)** |
| **Liberal Construction** | **Pa.R.Civ.P. 126** | **Pa.R.J.A. 109(b)** |
| **Court Intent** | **Pa.R.Civ.P. 127** | **Pa.R.J.A.108** |
| **Presumptions** | **Pa.R.Civ.P. 128** | **Pa.R.J.A.109** |
| **Titles** | **Pa.R.Civ.P. 129** | **Pa.R.J.A.110** |
| **Common Law** | **Pa.R.Civ.P. 130** | **Pa.R.J.A.111** |
| ***In Pari Materia*** | **Pa.R.Civ.P. 131** | **Pa.R.J.A.112** |
| **Inconsistent** | **Pa.R.Civ.P. 133** | **Pa.R.J.A.115** |
| **Controls** | **Pa.R.Civ.P. 132** | **Pa.R.J.A.113** |
| **Amendatory** | **Pa.R.Civ.P. 152** | **Pa.R.J.A.114(b)** |
| **Merger** | **Pa.R.Civ.P. 153** | **Pa.R.J.A.114(c)** |

**Rule 127. [Construction of Rules. Intent of Supreme Court Controls.] Rescinded.**

[(a)     The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.

(b)     Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

(c)     When the words of a rule are not explicit, the intention of the Supreme Court may be ascertained by considering, among other matters:

(1)     the occasion and necessity for the rule;

(2)     the circumstances under which it was promulgated;

(3)     the mischief to be remedied;

> (4)     the object to be attained;
>
> (5)     the prior practice, if any, including other rules and Acts of Assembly upon the same or similar subjects;
>
> (6)     the consequences of a particular interpretation;
>
> (7)     the contemporaneous history of the rule; and
>
> (8)     the practice followed under the rule.]

**Rule 128.   [Presumptions in Ascertaining the Intent of the Supreme Court.] <u>Rescinded.</u>**

[In ascertaining the intention of the Supreme Court in the promulgation of a rule, the courts may be guided by the following presumptions among others:

> (a)     That the Supreme Court does not intend a result that is absurd, impossible of execution or unreasonable;
>
> (b)     That the Supreme Court intends the entire rule or chapter of rules to be effective and certain;
>
> (c)     That the Supreme Court does not intend to violate the Constitution of the United States or of this Commonwealth;
>
> (d)     That if the Supreme Court has construed the language used in a rule or statute, the Supreme Court in promulgating a rule on the same subject matter which employs the same language intends the same construction to be placed upon such language;
>
> (e)     That the Supreme Court intends to favor the public interest as against any private interest;
>
> (f)     That no rule shall be construed to confer a right to trial by jury where such right does not otherwise exist.]

**Rule 129.   [Construction of Rules. Titles, Provisos, Exceptions and Headings. Use of Notes and Explanatory Comments.] <u>Rescinded.</u>**

> [(a)     The title or heading of a rule may be considered in construing the rule.

>(b) Provisos shall be construed to limit rather than to extend the operation of the clauses to which they refer.

>(c) Exceptions expressed in a rule shall be construed to exclude all others.

>(d) The title or heading prefixed to a chapter of rules shall not be considered to control but may be used in construing the rules.

>(e) Commentary is not a part of the rule text but may be used in construing the rule text.

**Comment: Any statements contained in a publication or adoption report by the Civil Procedural Rules Committee and the Domestic Relations Procedural Rules Committee are for the benefit of those using the rules, but neither constitute part of the rule nor are adopted by the Supreme Court. *See* Pa.R.J.A. 103, Comment.]**

\*     \*     \*

**Rule 130. [Rules in Derogation of the Common Law.] Rescinded.**

[The principle that laws in derogation of the common law are to be strictly construed, shall have no application to the rules promulgated by the Supreme Court.]

**Rule 131. [Rules *in Pari Materia*.] Rescinded.**

[Rules or parts of rules are *in pari materia* when they relate to the same proceedings or class of proceedings. Rules *in pari materia* shall be construed together, if possible, as one rule or one chapter of rules.]

**Rule 132. [Particular Controls General.] Rescinded.**

[Whenever a general provision in a rule shall be in conflict with a particular provision in the same or another rule, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the particular provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be

promulgated later and it shall be the manifest intention of the Supreme Court that such general provision shall prevail.]


**Rule 133.  [Rules Inconsistent with Laws.] <u>Rescinded.</u>**

[All laws shall be suspended to the extent that they are inconsistent with rules prescribed under the Constitution of 1968.

Note:  See Article V, Section 10(c) of the Constitution of 1968 and Section 1722(a)(1) of the Judicial Code, 42 Pa.C.S. § 1722(a)(1).]


**Rule 152.  [Construction of Amendatory Rules.] <u>Rescinded.</u>**

[Whenever a rule or part of a rule is amended, the amendment shall be construed to merge into the original rule, become a part thereof, and replace the part amended. The remainder of the original rule and amendment shall be read together and viewed as one rule promulgated at one time; but the portions of the rule which were not altered by the amendment shall be construed as effective from the time of their original promulgation and the new provisions shall be construed as effective only from the date when the amendment became effective.]


**Rule 153.  [Merger of Subsequent Amendments.] <u>Rescinded.</u>**

[Whenever a rule has been more than once amended, the latest amendment shall be read into the original rule as previously amended and not into such rule as originally promulgated.]

**Rule 237.1. Notice of *Praecipe* for Entry of Judgment of *Non Pros* for Failure to File Complaint or by Default for Failure to Plead.**

    (a)    As used in this rule,

\*\*\*

        (2)    No judgment of *non pros* for failure to file a complaint or by default for failure to plead shall be entered by the prothonotary unless the *praecipe* for entry includes a certification that a written notice of intention to file the *praecipe* was mailed or delivered**:**

            (i)    in the case of a judgment of *non pros*, after the failure to file a complaint and at least ten days prior to the date of the filing of the *praecipe* to the party's attorney of record or to the party if unrepresented, or

            (ii)    in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the *praecipe* to the party against whom judgment is to be entered and to the party's attorney of record, if any.

    The ten-day notice period in subdivision (a)(2)(i) and **(a)(2)**(ii) shall be calculated forward from the date of the mailing or delivery, in accordance with **[Rule 106]** **Pa.R.J.A. 107**.

\*\*\*

**Rule 1007.1.  Jury Trial. Demand. Waiver.**

(a) **Demand.**  In any action in which the right to jury trial exists, that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than twenty days after service of the last permissible pleading. The demand shall be made by endorsement on a pleading or by a separate writing.

**[Note:  Rule 1007.1(a) gives no specific guidance on the existence of a right to jury trial. It could not, in the face of Rule 128(f).]**

(b) **Arbitration Appeal.**  Where an appeal is taken from an award in compulsory arbitration and a jury trial has not theretofore been demanded, the right to a jury trial shall be deemed waived unless the appellant endorses a demand for a jury trial on the appeal, or unless the appellee files and serves a written demand for a jury trial not later than ten days after being served with the notice of appeal.

**[Note:  Trial without jury shall be conducted in accordance with Rule 1038.]**

(c) **Withdraw of Demand.**

(1) A demand for trial by jury may not be withdrawn without the consent of all parties who have appeared in the action.

(2) A demand for a trial by jury on behalf of a party shall be deemed withdrawn if at the time a case is called for trial that party, without satisfactory excuse, fails to appear or appears but is not ready. Any other party appearing and ready who has not already demanded a trial by jury shall forthwith demand a trial by jury or shall be deemed to have waived the same.

**Comment:  This rule provides no specific guidance on the existence of a right to jury trial.  *See* Pa.R.J.A. 109(g).   A trial without jury shall be conducted in accordance with Pa.R.Civ.P. 1038.**

8

**Rule 1020.    Pleading More Than One Cause of Action.    Alternative Pleading. Failure to Join.    Bar.**

(a)    **Pleading More Than One Cause of Action.**  The plaintiff may state in the complaint more than one cause of action cognizable in a civil action against the same defendant. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief.

**[Note:    Rule 102 provides that the singular includes the plural and the plural includes the singular.]**

(b)    **Joinder.**  If persons join as plaintiffs under Rules 2228, 2229(a) or (e), the complaint shall state the cause of action, any special damage, and the demand for relief of each plaintiff in a separate count, preceded by a heading naming the parties to the cause of action therein set forth.

(c)    **Alternative Pleading.**  Causes of action and defenses may be pleaded in the alternative.

(d)    **Failure to Join – Waiver.**  If a transaction or occurrence gives rise to more than one cause of action heretofore asserted in assumpsit and trespass, against the same person, including causes of action in the alternative, they shall be joined in separate counts in the action against any such person. Failure to join a cause of action as required by this subdivision shall be deemed a waiver of that cause of action as against all parties to the action.

**[Note:] Comment:  Regarding subdivision (a), the singular includes the plural, and the plural, the singular.  *See* Pa.R.J.A. 105.**

**[Mandatory] Regarding subdivision (b), mandatory** joinder is limited to related causes of action heretofore asserted in assumpsit and trespass.  There is no mandatory joinder of related causes of action in equity.  See **[Rule 2226 et seq.] Pa.R.Civ.P. 2226-2248** governing joinder.  See **[Rule 213(a) and (b)] Pa.R.Civ.P. 213(a)-(b)** governing the consolidation and severance of causes of action.

**Rule 1601.   Action for Declaratory Relief Alone.  Jury Trial.  Waiver.**

(a)   **Caption.**  A plaintiff seeking only declaratory relief shall commence an action by filing a complaint captioned "Action for Declaratory Judgment." The practice and procedure shall follow, as nearly as may be, the rules governing the civil action.

(b)   **Jury Trial Demand and Waiver.**  If the right to trial by jury of disputed issues of fact exists in such an action, it shall be deemed waived unless demanded in the time and manner provided by Rule 1007.1.

**[Note:  Rule 1601(b) gives no specific guidance on the existence of a right to jury trial. It could not, in the face of Rule 128(f).]**

**Comment:  This rule provides no specific guidance on the existence of a right to jury trial.  *See* Pa.R.J.A. 109(g).**

Section 7539(b) of the Judicial Code provides:

(b)   Jury trial.—When a proceeding under this subchapter involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending.

**42 Pa.C.S. § 7539(b).**

The existence of a right to jury trial on disputed issues of fact will be a matter of determination in each action where only declaratory relief is sought.  If the right is claimed and disputed, the court must determine the question on the basis of the nature of the cause of action, the right to be enforced and the "other civil action" which would be brought to enforce it if declaratory judgment did not exist.  The flexible Federal practice under Fed.R.Civ.P. 38, 39, and 57, including the procedure for the jury trial of selected issues, may be helpful.  Pa.R.C**iv**.P. 1038.3 may also be applicable.

**Rule 2225.    (Rescinded).**

**[Note:]** <u>**Comment:**</u>    See **[Rule 133]** <u>**Pa.R.J.A. 115**</u> governing the suspension of inconsistent Acts of Assembly.